UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

v.                                                       CAUSE NO. 3:25-CV-926 DRL-SJF

THORNBERRY,

    Defendant.

## OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a vague complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Baggett filed a complaint against Thornberry for an incident that allegedly occurred on July 31, 2025, at the Miami Correctional Facility. Mr. Baggett includes only the first and fourth page of this court's prisoner complaint form. He's seeking monetary damages from Thornberry, but he includes no facts from which it could be inferred that Thornberry violated Mr. Baggett's constitutional rights. Mr. Baggett includes copies of

grievances against Thornberry with his complaint, but the grievances don't explain what occurred on July 31, 2025, or why Mr. Baggett is suing Thornberry.

Mr. Baggett's complaint is short on facts, dates, and specifics about why he's suing Thornberry. Based on what it does say, it isn't plausible to infer that Thornberry violated Mr. Baggett's rights on July 31, 2025. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint doesn't state a claim for which relief can be granted. If Mr. Baggett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

2

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." He needs to complete every section of the form, using Thornberry's name each time he refers to him, before sending it to the court.

For these reasons, the court:

(1) GRANTS Delashun Baggett until **December 18, 2025**, to file an amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

November 17, 2025             *s/ Damon R. Leichty*
                              Judge, United States District Court